**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4726**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRANDON MICHAEL JONES,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (5:08-cr-00105-D-2)

Submitted:  May 13, 2014          Decided:  May 22, 2014

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sue Genrich Berry, BOWEN AND BERRY, PLLC, Wilmington, North Carolina, for Appellant.    Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Michael Jones appeals his total sentence of 272 months of imprisonment after his guilty plea to drug and firearm offenses and following his resentencing in light of Alleyne v. United States, 133 S. Ct. 2151 (2013), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). On appeal, Jones contends that his sentence continues to violate Alleyne. We affirm.

We review Jones' constitutional challenge to his sentence de novo. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). As Alleyne explained, the Due Process Clause and the Sixth Amendment generally require that any factual finding that raises the minimum or maximum sentence a defendant faces must be charged in the indictment and admitted by defendant or proven to a jury beyond a reasonable doubt. See Alleyne, 133 S. Ct. at 2156, 2160-63. However, Alleyne specifically preserved the distinction, for constitutional purposes, between facts that circumscribe the range in which a district court may impose sentence and facts that inform the district court's choice of sentence within that range. See id. at 2163. As Alleyne noted, "factfinding used to guide judicial discretion in selecting a punishment within limits fixed by law" does not offend the Sixth Amendment. Id. at 2161 n.2 (internal

2

quotation marks omitted); see United States v. Umaña, __ F.3d __, __, 2014 WL 1613886, at *20 (4th Cir. Apr. 23, 2014).

Here, Jones pled guilty to, among other offenses, using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012).  Although not alleged in Jones' indictment or proven beyond a reasonable doubt, it is undisputed that Jones' § 924(c) offense involved he and his co-conspirators using firearms to threaten and intimidate a seemingly innocent bystander while they attempted to rob a drug dealer.  Based on that conduct, the district court found it appropriate to vary upward from the mandatory minimum of sixty months of imprisonment to eighty-four months of imprisonment.

Although Jones argues that such a sentence runs directly counter to Alleyne, we disagree.  Only if the district court had regarded the sentence imposed as a mandatory minimum below which it could not venture would Jones' constitutional rights have been violated.  The district court clearly did not do so but, instead, properly exercised its sentencing discretion.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED